Barbour, J. (dissenting.)
The complaint sets forth, as a cause of action, that the defendant, by his agent, McManus, sold a mare to the plaintiff for $450, which was paid by the latter; that, previous to, and at the time of the sale, the mare was unsound, to the knowledge of the defendant, and that he, with intent to deceive and defraud the plaintiff, falsely represented and warranted, by his said agent, to the latter, that the mare was sound; that the plaintiff was deceived and induced thereby to purchase and pay for her; *85 and that, in fact, she was unsound and of little value; and he claims to recover as damages, the difference between the price he paid and the real value of the animal, and also the expenses of her keep..
The plaintiff failed, upon the trial, to prove such facts, as would have authorized the jury to find that either the defendant or his agent had any knowledge of the unsoundness of the mare, previous to, or at the time of, the alleged sale. The action must, therefore, be sustained, if at all, upon the warranty charged in the complaint, and a breach of such warranty as an action, not sounding in tort, but in assumpsit upon the contract and promise of the defendant implied in and by such warranty. The first question, then, is, whether the defendant warranted the animal to be sound, wnen, in fact, she was unsound.
A mere representation by a vendor, during the progress of a bargain of sale, as to the quality or condition of goods, which the purchaser has an opportunity to and may examine before the completion of the sale, does not, necessarily, constitute either a fraudulent representation or a warranty. “ Simplex oommendatio non ohligat; sed caveat emptor.” But if the representation be false within the knowledge of the party making it, and the buyer is thereby deceived and defrauded, an action will lie upon the tort for the injury he has sustained; and that, too, whether such representation be, in form or effect, a warranty or otherwise. Nor is it material whether the representation be made at the time the sale is effected, or during, or even prior to, any negotiation in regard thereto, provided it shall appear that the seller designed to, and did deceive the purchaser thereby, and induce him to purchase.
To create a warranty, upon the sale of goods, however, it is quite essential that the statement or representation of the vendor should, actually or constructively, enter into, and form and constitute a part and portion of, the contract of sale itself; for a warranty is made by the contract or undertaking of the warrantor, and in no other way.
*86 I am satisfied that the representation of McManus to the plaintiff, touching the soundness of the mare, considering all the circumstances under which’the same was made, constituted a warranty, if a contract of sale, resulting from negotiations of which that statement formed a part, was subsequently entered into and completed between them. (See Wilmot v. Hurd, 11 Wend. 584.) Eor, as stated by the plaintiff in his testimony, the conversation in that regard was this: “I asked the man who brought them around the price of this mare. I asked him if she was sound. The man said she was. I then told him, 6 If the mare is sound, I will give you $450 for her, and you may send her around to the stable in 29th street.’ He said, ‘ She is sound as a dollar; but I could-not sell her at that price.’” It will readily be seen, therefore, that the statement of McManus that the mare was sound, was not made as a mere commendation of the animal or as a representation of her condition, simply, but in reply to the offer of the plaintiff to pay $450 for her, if, that is, upon condition, she was sound; thus making such statement of McManus, not only a part and parcel of the bargain, but a condition upon which it was to be consummated.
Ueither the decision in Bassett v. Collis, (2 Camp. 523,) that roaring in a horse is not unsoundness, nor that in Onslow v. Eames, (2 Starkie, 81,) where the same learned jurist arrived at a directly contrary opinion, is of any authority whatever in the case before us. Eor the question as to whether an animal thus affected is sound or unsound, is not. a question of law to be decided by the court, but a matter of fact for the jury to determine upon the evidence. If the evidence upon that subject had been submitted to the jury, on the trial of this cause, it would, I think, have been sufficient to justify them in finding that the mare was unsound, because a roarer.
Assuming, then, that the proofs were sufficient to establish a warranty and a breach thereof, the question arises whether the plaintiff, having failed to show any fraud upon *87 the part of the defendant, was entitled, under the pleadings, to a verdict and judgment upon such warranty and its breach.
The gravamen of the action, under the allegations of the complaint, is fraud; the obtaining of the plaintiff’s money by a fraudulent representation and a false and fraudulent warranty. There is no averment that a warranty was made, independent of, or except as connected with, the charge of fraud in the making of such warranty. Indeed, the allegation in regard to the warranty seems to have been inserted in the complaint for the mere purpose of showing that a fraudulent representation was made on the part of the defendant, in the form of a warranty. The complaint, therefore, is based wholly upon the tort or wrong done to the plaintiff by the defendant, and not upon a contract of warranty; and so the pleader, as well as the defendant’s counsel, appears to have understood it, and the cause was evidently tried upon that theory alone. I may also add that the plaintiff’s counsel must so have continued to regard the design and effect of the pleading, up to, and upon the argument here. For he does not claim, in his points, that the plaintiff is entitled to a judgment, unless he has proven that the warranty was false; which word, as applied to warranties, is only another term for fraud or deceit. Indeed, it is quite clear that the complaint was designed and intended to embrace one, and only cause of action, to wit, a cause of action arising from the general fact that the defendant obtained the plaintiff’s money by false and fraudulent representations and statements; although, it is true, that "in the setting forth of the facts constituting that cause of action the pleader has, incidentally, mentioned the fact that the defendant’s agent warranted the mare to be sound. As the plaintiff, therefore, intended to, and did, set forth in his complaint, in a proper and connected form, such facts, only, as would constitute a cause of action against the defendant for obtaining his money by false pretenses, and tried his action upon that theory alone, I think he was properly held *88 to the case he had thus made; and that he was not entitled to a judgment upon the warranty, even though sufficient facts might have been fished out of the complaint to constitute a cause of action arising from a warranty and its "breach.
But, upon a careful examination, I am satisfied that the complaint does not state sufficient facts to constitute a cause of action upon a warranty. For, after setting forth the sale and payment, the unsoundness of the mare within the knowledge of the defendant, and his concealment of that fact, the complaint avers, merely, that the defendant, “ with the intent to mislead and deceive the plaintiff, falsely represented and warranted to the plaintiff that the said mare was, in all respects, sound and in good condition, and that, by reason of the foregoing, he was deceived and induced to purchase and pay for the mare;” and no other or further statement touching the warranty is to be found in the complaint. There is no averment that the alleged warranty was included in, or made at the time of the sale; or of any negotiation leading thereto, or that it was founded upon any consideration whatever. For aught that appears in the complaint, therefore, the alleged warranty was a mere nudum factum.
For these reasons, I think, the complaint was properly dismissed.
For still another reason, I am also of opinion that the plaintiff was not entitled to a judgment upon his complaint,as it stood, without amendment, when the motion to dismiss was made, and, therefore, that such motion' was properly granted; that is to say: If the cause had gone to the jury, their verdict, if in favor of the plaintiff, would have been simply for a certain sum of money, and a judgment for that sum, with costs, would, thereupon, have been entered by the clerk without any direction from the court; and, upon such judgment, so entered, the plaintiff would have been entitled, after the return of an execution against the property of the debtor unsatisfied, to issue an execution against *89 Ms person, without obtaining permission from the court, hut wholly independent of its control. (Code, §§ 386, 8, 9.) For the judgment roll would have shown, in the case supposed, by the complaint, verdict and judgment incorporated therein, and, therefore, by evidence of the highest class, the record itself, that the action was brought upon an obligation in the incurring of which the defendant was guiliy of a fraud, and that the judgment was rendered in that action. (See Code, § 179, subd. 4.) A judgment for the plaintiff, therefore, on the pleadings as they then stood, would have been a judgment that would have authorized the plaintiff to imprison the defendant on execution, in an action in which no fraud, but only a promise had been proven, although the statute declares that no person shall be arrested in a civil action, except in certain specified cases, not including actions onpromises unaccompanied by fraud. (Code, §§ 178, 179.) In fewer words, such judgment would have empowered the plaintiff" to do just that which the legislature has expressly prohibited; and, I may add, such power would have been conferred upon him merely because he had, in his complaint, charged the deféndant with the commission of a fraud, although he had wholly failed to sustain such charge by proofs. If that may be done, and such is to be the effect, I see no reason why the payee and holder of a promissory note, past due, may not insert in his unverified complaint, in all cases, an allegation of fraud, as well as the .usual averments, and thus entitle himself to a judgment upon which he may imprison his debtor. It seems to me that the plain object and design of the legislature in regard to the abolishment of imprisonment for debt, cannot so be defeated at the will of a pleader. Such a judgment would, in effect, work, and be a fraud upon the law.
The exceptions should be overruled, and a judgment entered for the defendant, with costs.
New trial granted.